T.C. Memo. 2020-99

UNITED STATES TAX COURT

JOHN THOMAS MINEMYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22182-10.                    Filed July 1, 2020.

John Thomas Minemyer, pro se.

<u>Daniel Charles Brauweiler</u> and <u>Paul Cooperman Feinberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined deficiencies of $140,651 and

$56,944 and penalties of $105,421 and $42,708 under section 6663 for 2000 and

2001, respectively.[1]  Unless otherwise indicated, all section references are to the

---

[1]Respondent also determined, in the alternative, that petitioner was liable for
(continued...)

[*2] Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

Respondent moved for partial summary judgment on the 2000 and 2001 deficiencies and on the section 6663 penalty for 2000, and we granted respondent's motion. The issue remaining for our consideration is whether petitioner is liable for a fraud penalty pursuant to section 6663(a) for tax year 2001.

FINDINGS OF FACT

Some facts have been stipulated and some facts have been deemed stipulated pursuant to Rule 91(f). The stipulated facts and attached exhibits are incorporated in our findings by this reference. When the petition was timely filed, petitioner was incarcerated in Colorado and claimed residency in Wyoming.

In July 1998 petitioner and a business associate, John Breaker, formed Lozon, LLC (Lozon), to provide a molded polymer coupler--a device that connects pipes that hold underground fiber optic cables--to the telecommunications

---

[1](...continued)
accuracy-related penalties under sec. 6662(a) for 2000 and 2001. Respondent has conceded the accuracy-related penalty for 2001.

[*3] industry. Lozon was organized as an LLC and taxed as a partnership, with petitioner as a 50% member.

On April 8, 2008, the United States filed an indictment against petitioner in the U.S. District Court for the District of Colorado charging him with two counts of income tax evasion under section 7201, the first count for 2000 and the second count for 2001. The indictment accused petitioner of filing false and fraudulent income tax returns for 2000 and 2001, alleging that he had substantially understated his income by knowingly omitting passthrough income from Lozon. On February 4, 2009, petitioner pleaded guilty to income tax evasion for 2000. Pursuant to the plea agreement, petitioner pleaded guilty to count 1 for 2000 and the United States dismissed count 2 of the indictment for 2001. Petitioner paid respondent $200,918 in restitution consistent with the plea agreement at the time he was sentenced to prison.

On March 4, 2010, a revenue agent visited petitioner in prison and provided him a Form 4549, Income Tax Examination Changes, for 2000 and 2001. No letter from respondent was attached to the report. Petitioner signed the Form 4549 agreeing to deficiencies and penalties but later requested that the agreement be withdrawn.

**[*4]**　Upon petitioner's request, respondent withdrew and disregarded the Form 4549 that petitioner signed on March 4, 2010. On May 17, 2010, a Letter 950, commonly referred to as a 30-day letter, was sent to petitioner. Leland Deering, the immediate supervisor of the revenue agent, signed the 30-day letter as group manager. A Form 4549-A, in which respondent asserted that petitioner was liable for a section 6663 fraud penalty of $42,708 for 2001, was included with the 30-day letter. The Form 4549-A included the words "corrected report" at the top of both pages of the form. The revenue agent signed the Form 4549-A, dated May 7, 2010. Above the revenue agent's signature the following statement was included: "This Report supersedes the report issued 3/4/2010."

Respondent issued petitioner a notice of deficiency on August 19, 2010, determining deficiencies in income tax and section 6663 fraud penalties for tax years 2000 and 2001. On August 11, 2010, the revenue agent's immediate supervisor, Mr. Deering, executed a Civil Penalty Approval Form which approved the fraud penalty pursuant to section 6663.

OPINION

The Commissioner's burden of production under section 7491(c) with respect to the section 6663 fraud penalty includes introducing sufficient evidence to establish compliance with the supervisory approval requirement of section

**[\*5]** 6751(b)(1). See Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." We have interpreted this provision to require approval before the penalty determination is communicated to the taxpayer. Palmolive Bldg. Inv'rs, LLC v. Commissioner, 152 T.C. 75, 84, 89 (2019).

In Clay v. Commissioner, 152 T.C. 223, 249 (2019), we held that the "initial determination" occurs no later than "when those proposed adjustments are communicated to the taxpayer formally as part of a communication that advises the taxpayer that penalties will be proposed and giving the taxpayer the right to appeal them with Appeals". Recently, in Belair Woods, LLC v. Commissioner, 154 T.C. ___, ___ (slip op. at 24-25) (Jan. 6, 2020), we concluded that the "initial determination" of the penalty assessment "is embodied in the document by which the Examination Division formally notifies the taxpayer, in writing, that it has completed its work and made an unequivocal decision to assert penalties."

**[\*6]** Section 6751(b) does not require approval by a specific person or in a particular manner. See Palmolive Bldg. Inv'rs, LLC v. Commissioner, 152 T.C. at 85-86. Rather, the statute provides that the initial determination of a penalty assessment must be approved in writing "by the immediate supervisor of the individual making such determination". Sec. 6751(b)(1); see also Belair Woods, LLC v. Commissioner, 154 T.C. at __ (slip op. at 25). In Carter v. Commissioner, T.C. Memo. 2020-21, at \*31, we concluded that an examination report and accompanying Letter 5153 instructing the taxpayers to respond to the report by either paying the tax, calling to discuss payment options, or agreeing to extend the period of limitations on assessment communicated to the taxpayers an "initial determination" of a penalty.

Respondent contends that section 6751(b) requires supervisory approval for the "initial determination" of a penalty and not a preliminary determination. Respondent further contends that the 30-day letter satisfies respondent's burden of production. However, we cannot conclude from the evidence that the 30-day letter was the "document by which the Examination Division formally notifie[d] the taxpayer, in writing, that it ha[d] completed its work and made an unequivocal decision to assert penalties". Belair Woods, LLC v. Commissioner, 154 T.C. at __ (slip op. at 24-25).

[*7] In <u>Frost v. Commissioner</u>, 154 T.C. ___, ___ (slip op. at 21-22) (Jan. 7, 2020), we held that "the Commissioner's introduction of evidence of written approval of a penalty before a formal communication of the penalty to the taxpayer is sufficient to carry his initial burden of production under section 7491(c) to show that he complied with the procedural requirement of section 6751(b)(1)." As in <u>Frost</u>, respondent here introduced evidence of written approval of the penalty before a formal communication (i.e., the 30-day letter). Also as in <u>Frost</u>, petitioner has not claimed that there was a prior initial penalty determination. Unlike <u>Frost</u>, our record does support the conclusion that respondent may have formally communicated his initial penalty determination to petitioner before the 30-day letter. <u>Cf.</u> <u>Frost v. Commissioner</u>, 154 T.C. at ___ (slip op. at 23) ("[P]etitioner has not claimed, <u>nor does the record support a conclusion</u>, that respondent formally communicated his initial penalty determination to petitioner before the date that the examining agent's manager signed the Civil Penalty Approval Form." (Emphasis added.)).

When the revenue agent visited petitioner in prison, he provided petitioner a Form 4549, which petitioner signed. Petitioner contends that he was under duress to sign the Form 4549 and for that reason he withdrew his consent. During respondent's counsel's opening statement at trial he contended that petitioner

[*8] received a preliminary form before the formal communication in the 30-day letter and that petitioner signed it, agreeing to the fraud penalty for 2001. This statement is an acknowledgment that the Form 4549 communicated an intention to impose a penalty.

Respondent did not offer this Form 4549 into evidence. Therefore, we cannot determine whether the Form 4549 or the 30-day letter was the initial determination for the purpose of section 6751(b). Without the Form 4549 we cannot determine whether that form clearly reflected the revenue agent's conclusion that petitioner should be subject to a penalty. See Carter v. Commissioner, at *30. If the Form 4549 was the initial determination of the fraud penalty for 2001, there is no evidence of its timely written approval.

Accordingly, we conclude respondent has not met the burden of production for the determination of the section 6663(a) fraud penalty for 2001. Therefore, petitioner is not liable for the fraud penalty for 2001.

To reflect the foregoing,

An appropriate decision will be entered.